IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DUSTIN DELFFS and KIM McCULLOUGH, on behalf of themselves and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>BRASS LANTERN RESTAURANT, INC.; LEGENDS OF COLUMBIA, INC.; LEGENDS OF PULASKI, INC; LEGENDS OF SHELBYVILLE, INC.; and LEGENDS OF SMYRNA, INC.,<br><br>Defendants. | No. _____<br><br><br>COLLECTIVE ACTION<br><br><br>JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

For their Collective Action Complaint ("Complaint") under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19, against Defendants Brass Lantern Restaurant, Inc. ("Brass Lantern"); Legends of Columbia, Inc. ("Legends of Columbia"); Legends of Pulaski, Inc. ("Legends of Pulaski"); Legends of Shelbyville, Inc. ("Legends of Shelbyville"); and Legends of Smyrna, Inc. ("Legends of Smyrna") (collectively, "Defendants" or "Legends Group"), Plaintiffs Dustin Delffs ("Delffs") and Kim McCullough ("McCullough") (collectively, "Plaintiffs"), on behalf of themselves and all other similarly situated employees, state as follows:

### INTRODUCTION

1. Plaintiffs file this collective action, on behalf of themselves and all similarly situated employees, to remedy violations of the FLSA by the Legends Group.

2. This collective action seeks to recover unpaid minimum wages and unpaid overtime wages for Plaintiffs, as well as for all similarly situated current and former employees who worked

for the Legends Group within 3 years prior to the filing of this Complaint.

3. Legends Group paid Plaintiffs and those they seek to represent a direct, cash hourly wage lower than $7.25 per hour under the tip-credit provisions of the FLSA. Legends Group, however, failed to satisfy the requirements for utilizing the tip credit to meet their minimum-wage and overtime obligations to their tipped employees by: (1) retaining tips earned by their employees by charging for issues like mis-orders and walkouts; (2) shifting business expenses to tipped employees by requiring them to purchase uniforms and equipment; (3) requiring tipped employees to share tips with non-tipped employees who have no customer interaction; (4) requiring tipped employees to perform compensable work without compensation; and (5) requiring tipped employees to spend more than 20% of their shifts performing non-tip-producing work while paid at the lower, tipped hourly rate.

4. Legends Group also owes Plaintiffs and those similarly situated at least the minimum wage for all hours worked without compensation.

5. Legends Group also failed to pay their employees overtime wages at 1.5 times their regular rates of pay for all hours worked over 40 in any workweek.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction. Plaintiffs' claims arise under the laws of the United States, namely the FLSA. 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Brass Lantern; the company does business in Lawrenceburg, Tennessee.

8. This Court has personal jurisdiction over Legends of Columbia; the company does business in Columbia, Tennessee.

9. This Court has personal jurisdiction over Legends of Pulaski; the company does

business in this District.

10. This Court has personal jurisdiction over Legends of Shelbyville; the company does business in Shelbyville, Tennessee.

11. This Court has personal jurisdiction over Legends of Smyrna; the company does business in this District.

12. Venue is proper in this Court. A substantial part of the events giving rise to this action occurred within this District, and Defendants do business in this District, *id.* § 1391(b).

## PARTIES

13. Delffs is an individual; he resides in Davidson County, Tennessee.

14. McCullough is an individual; she resides in Maury County, Tennessee.

15. Brass Lantern is for-profit company, organized under the laws of Tennessee and registered to do business in Tennessee

16. Brass Lantern is a restaurant in Lawrenceburg, Tennessee, located at 2290 Pulaski Highway.

17. Brass Lantern's principal address registered with the State of Tennessee is 2220 W.O. Smith Drive, Lawrenceburg, TN 38464.

18. Brass Lantern's registered agent for service of process is LLGTN, PLLC, 256 Seaboard Lane, Suite G103, Franklin, TN 37067.

19. Legends of Columbia is a for-profit company, organized under the laws of Tennessee and registered to do business in Tennessee.

20. Legends of Columbia is a restaurant in Columbia, Tennessee, 2401 Pulaski Highway.

21. Legends of Columbia's principal address registered with the State of Tennessee is

2220 W.O. Smith Drive, Lawrenceburg, TN 38464.

22. Legends of Columbia's registered agent for service of process is LLGTN, PLLC, 256 Seaboard Lane, Suite G103, Franklin, TN 37067.

23. Legends of Pulaski is a for-profit company, organized under the laws of Tennessee and registered to do business in Tennessee.

24. Legends of Pulaski is a restaurant in Pulaski, Tennessee, located at 1520 West College Street.

25. Legends of Pulaski's principal address registered with the State of Tennessee is 2220 W.O. Smith Drive, Lawrenceburg, TN 38464.

26. Legends of Pulaski's registered agent for service of process is LLGTN, PLLC, 256 Seaboard Lane, Suite G103, Franklin, TN 37067.

27. Legends of Shelbyville is a for-profit company, organized under the laws of Tennessee and registered to do business in Tennessee.

28. Legends of Shelbyville is a restaurant in Shelbyville, Tennessee, located at 1609 North Main Street.

29. Legends of Shelbyville's principal address registered with the State of Tennessee is 2220 W.O. Smith Drive, Lawrenceburg, TN 38464.

30. Legends of Shelbyville's registered agent for service of process is LLGTN, PLLC, 256 Seaboard Lane, Suite G103, Franklin, TN 37067.

31. Legends of Smyrna is a for-profit company, organized under the laws of Tennessee and registered to do business in Tennessee.

32. Legends of Smyrna is restaurant in Smyrna, Tennessee, located at 1918 Almaville Road.

33. Legends of Smyrna's principal address registered with the State of Tennessee is 2220 W.O. Smith Drive, Lawrenceburg, TN 38464.

34. Legends of Smyrna's registered agent for service of process is LLGTN, PLLC, 256 Seaboard Lane, Suite G103, Franklin, TN 37067.

## EMPLOYER-EMPLOYEE ALLEGATIONS

35. Defendants form a single employer for purposes of liability under the FLSA, which Plaintiffs refer to as the Legends Group.

36. Defendants share common owners, Bill Osborne and Johnny Fleeman (collectively, "Owners").

37. Defendants share or have shared common management employees, including but not limited to Victoria Kirk.

38. Defendants share common corporate officers, including but not limited to the Owners.

39. The Owners exercise centralized control over labor relations for all Defendants.

40. The Owners are responsible for Defendants' pay, timekeeping, and tip-sharing policies.

41. The Owners are responsible for maintaining personnel records for all Defendants.

42. Inter-company transfers and promotions of personnel within the Legends Group are common.

43. There is a significant overlap of financial control and ownership for all Defendants.

44. Because the Legends Group is a single employer for FLSA purposes, Brass Lantern, Legends of Columbia, Legends of Pulaski, Legends of Shelbyville, and Legends of Smyrna all employed Plaintiffs for purposes of their FLSA claims.

45. At all relevant times, Delffs was an employee of Defendants under the FLSA. *Id.* § 203(e)(1).

46. At all relevant times, Defendants were Delffs's employer under the FLSA. *Id.* § 203(d).

47. At all relevant times, McCullough was an employee of Defendants under the FLSA. *Id.* § 203(e)(1).

48. At all relevant times, Defendants were McCullough's employer under the FLSA. *Id.* § 203(d).

49. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiffs and all similarly situated tipped employees, including timekeeping, payroll, tipping, and other employment practices that applied to them.

50. Brass Lantern's annual gross volume of business exceeds $500,000. *Id.* § 203(s)(A)(ii).

51. Legends of Columbia's annual gross volume of business exceeds $500,000. *Id.*

52. Legends of Pulaski's annual gross volume of business exceeds $500,000. *Id.*

53. Legends of Shelbyville's annual gross volume of business exceeds $500,000. *Id.*

54. Legends of Smyrna's annual gross volume of business exceeds $500,000. *Id.*

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated current and former employees of Defendants.

56. There are dozens of current and former employees who are similarly situated to Plaintiffs and who Defendants denied minimum wages.

57. Defendants unlawfully required Plaintiffs, as well as other similarly situated

employees, to work off the clock by, among other things, studying Defendants' menus and attending meetings; to pay out of pocket for tools of the trade; and to contribute their tips to invalid tip-sharing arrangements.

58. Plaintiffs seek to proceed collectively under § 216(b) on behalf of themselves and the following collective of persons: **All current and former tipped employees who worked for Defendants at Brass Lantern, Legends of Columbia, Legends of Pulaski, Legends of Shelbyville, and/or Legends of Smyrna between September 28, 2019, and the present** ("Putative Collective").

59. Defendants were aware or should have been aware that federal law requires them to pay Plaintiffs and the Putative Collective members at least the applicable minimum wage for all hours worked.

60. Defendants were aware or should have been aware that federal law prohibits them from requiring Plaintiffs and the Putative Collective members to purchase tools of the trade without reimbursement if such purchases reduce their wages below the statutory minimum.

61. Defendants were aware or should have been aware that federal law prohibits them from requiring Plaintiffs and the Putative Collective members to contribute their tips to invalid tip-sharing arrangements.

62. Defendants applied the same unlawful policies and practices to all their employees.

63. The Putative Collective is readily identifiable and locatable within Defendants' business records.

64. The Putative Collective should be notified of and allowed to join this collective action under § 216(b).

65. Unless the Court promptly issues notice to the Putative Collective, its members will

not be able to secure the wages to which they are entitled.

## FACTS

66. Plaintiff Delffs worked as a server at Legends of Columbia from approximately January 2021 until December 2021.

67. Plaintiff McCullough worked as a server at Legends of Columbia from approximately May 2021 until January 2022.

68. Defendants paid Plaintiffs a direct, cash wage of less than $7.25 per hour for some hours worked as servers.

69. Defendants claimed a tip credit for some hours Plaintiffs worked as servers at Legends of Columbia.

70. The tip-credit and minimum-wage provisions of the FLSA apply to Defendants. 29 U.S.C. §§ 203(m), 206.

71. Defendants employ several kinds of tipped employees at the Legends Group.

72. Defendants' tipped employees include but are not limited to bartenders, "dessert persons," hosts, and servers.

73. Job duties for Defendants' bartenders include but are not limited to greeting and serving customers at the bar and making drinks for servers to distribute to other customers.

74. Job duties for Defendants' "dessert persons" include but are not limited to preparing desserts for service within the restaurants.

75. Job duties for Defendants' hosts include but are not limited to greeting guests and showing them to their tables.

76. Job duties for Defendants' servers include but are not limited to greeting and serving customers at tables, taking food and drink orders, entering orders into the computer system,

and delivering those orders to customers.

77. Defendants apply the same employment policies, practices, and procedures to all their tipped employees, including policies, practices, and procedures regarding tipping, minimum wages, and overtime wages.

78. Defendants have a policy of paying all their tipped employees, like Plaintiffs, a direct, cash wage of less than the federal minimum wage of $7.25 per hour for hours after the restaurants open to customers.

79. Defendants have a policy of generally taking a tip credit to satisfy their minimum-wage and overtime obligations to all their tipped employees, like Plaintiffs, for hours after the restaurants open to customers.

80. Because Defendants take a tip credit under the FLSA for all their tipped employees, Defendants must meet all statutory requirements for counting a portion of tips received by their employees as satisfying the statutory minimum wage.

81. Defendants do not meet these statutory requirements for claiming a tip credit towards the minimum wage.

82. Defendants retain tips belonging to tipped employees by improperly charging employees for customer mis-orders and walkouts.

83. Retaining any amount of tips belonging to tipped employees disqualifies Defendants from claiming a tip credit.

84. Defendants shift their business expenses to their tipped employees by requiring them to pay for uniforms and equipment.

85. Defendants require their tipped employees to purchase server books for use during their shifts.

86. Defendants require their tipped employees to purchase ink pens for use during their shifts.

87. Defendants require their tipped employees to buy very specific jeans to wear to work, mandating that the jeans be straight leg and dark wash but not black with no rips or damage. Defendants will refuse to let tipped employees work shifts if their jeans do not meet these specifications.

88. Defendants require their tipped employees to wear white shirts to work, mandating that the shirt be free of spots. Defendants will refuse to let tipped employees work shifts without buying a new shirt if there was even the smallest spot on the shirt.

89. Delffs purchased jeans to meet Defendants' specifications.

90. Delffs purchased many shirts from Defendants.

91. Delffs purchased ink pens for use during his shifts.

92. McCullough purchased jeans to meet Defendants' specifications.

93. McCullough purchased a server book at Defendants required her to have to work her shifts.

94. McCullough purchased ink pens for use during her shifts.

95. By requiring tipped employees to purchase uniforms and equipment for their jobs, Defendants cause them to receive less than the statutory minimum wage.

96. Shifting business expenses to tipped employees disqualifies Defendants from claiming a tip credit.

97. Defendants have a policy of requiring all their servers to share tips with non-tipped employees who have no customer interaction, including, for example, bar backs.

98. Bar backs, bartenders, food runners, hosts, and servers participate in the tip-sharing

arrangements.

99. Defendants' bar backs have no customer interaction, and their only duty is to stock the bar area with spirits and other supplies.

100. The FLSA does not permit tip-sharing arrangements in which tipped employees share their tips with non-tipped employees who have no customer interaction.

101. Where there is an invalid tip-sharing arrangement, an employer may not take the tip credit.

102. By requiring tipped employees to share tips with non-tipped employees who have no customer interaction, like bar backs, Defendants are disqualified from taking a tip credit.

103. Defendants did not provide all the required information to their tipped employees before claiming a tip credit.

104. The FLSA requires an employer who claims a tip credit to provide certain information to its tipped employees before taking a tip credit.

105. Defendants' failure to give their tipped employees notice of all the required information disqualifies Defendants from claiming a tip credit.

106. Defendants do not pay their tipped employees for all hours worked.

107. Defendants require their tipped employees to study for and to pass a menu test as a condition of employment.

108. Defendants' menus are extensive.

109. Learning all the required information on Defendants' food and wine menus takes hours of home study.

110. Defendants' managers send copies of the menus home with newly hired tipped employees for the employees to study.

111. Although Defendants could track the number of hours tipped employees spend studying their menus at home, Defendants do not do so.

112. Defendants do not pay their tipped employees at all for time spent studying the menus at home.

113. Considering Defendants' failure to pay their tipped employees for all hours worked, Defendants do not pay at least the minimum cash wage of $2.13 per hour for every hour worked and therefore cannot claim a tip credit.

114. Defendants also require tipped employees to spend more than 20% of each shift on non-tip-producing tasks while paid at tipped hourly rate of less than $7.25 per hour, including but not limited to rolling silverware, taking out trash, sweeping, mopping, cleaning drink machines, and other tasks.

115. Employers may not take the tip credit when they require employees to spend more than 20% of each shift on non-tip-producing work at a lower, tipped hourly rate.

116. The FLSA requires Defendants to pay overtime wages to their employees at 1.5 times their regular rates of pay for all hours worked over 40 in any workweek.

117. Defendants did not pay their employees overtime wages at the proper rate.

118. Defendants owe Plaintiff and the Putative Collective members overtime compensation, namely the difference between the overtime rate actually paid and the employees' regular rates of pay.

## COUNT I
### Failure to Pay Minimum Wages by All Defendants
### 29 U.S.C. § 206

119. Plaintiffs incorporate by reference all prior allegations in this Complaint.

120. Plaintiffs and the Putative Collective members are entitled to be paid at least the

12
Case 3:22-cv-00758  Document 1  Filed 09/28/22  Page 12 of 16 PageID #: 12

applicable minimum wage for all hours worked in a workweek.

121. Defendants employed Plaintiffs and the Putative Collective members and failed to compensate them for all time worked.

122. Defendants did not meet all § 203(m)'s requirements for claiming a tip credit, as set forth above.

123. Defendants' violations of the FLSA were willful because Defendants knew or should have known that their timekeeping and pay practices violate the FLSA.

124. Defendants' willful FLSA violations extend the statute of limitations from two years to three years.

125. Defendants have failed to make a good-faith effort to comply with the FLSA regarding payment of minimum wages to Plaintiffs and the Putative Collective members.

126. As a result of Defendants' violations of the FLSA, Plaintiffs and the Putative Collective members suffered and continue to suffer damages, namely failing to receive all the minimum wages earned during their employment.

127. In addition to unpaid wages, Defendants owe Plaintiffs and the Putative Collective members liquidated damages in an amount equal to their unpaid minimum wages.

128. Plaintiffs and the Putative Collective members are entitled to recovery of their attorneys' fees and costs.

**COUNT II**
**Failure to Pay Overtime Wages by All Defendants**
**29 U.S.C. § 207**

129. Plaintiffs incorporate by reference all prior allegations in this Complaint.

130. Plaintiffs and the Putative Collective members are entitled to be paid at least 1.5 times their regular rates of pay for all hours worked over 40 in a workweek.

131. Defendants employed Plaintiffs and the Putative Collective members and failed to properly compensate them for all overtime hours worked.

132. Defendants' violations of the FLSA were willful because Defendants knew or should have known that their timekeeping and pay practices violate the FLSA.

133. Defendants' willful FLSA violations extend the statute of limitations from two years to three years.

134. Defendants have failed to make a good-faith effort to comply with the FLSA regarding payment of overtime wages to Plaintiffs and the Putative Collective members.

135. As a result of Defendants' violations of the FLSA, Plaintiffs and the Putative Collective members suffered and continue to suffer damages, namely failing to receive all the overtime wages earned during their employment.

136. In addition to unpaid overtime wages, Defendants owe Plaintiffs and the Putative Collective members liquidated damages in an amount equal to their unpaid overtime wages.

137. Plaintiffs and the Putative Collective members are entitled to recovery of their attorneys' fees and costs.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiffs prays for the following relief from this Court:

A. Issuing process against Defendants and requiring them to answer within the period provided by law;

B. Requiring Defendants to provide Plaintiffs and their counsel the names, addresses, phone numbers, and email addresses for the Putative Collective members;

C. Permitting Plaintiffs and their counsel to issue notice of this collective action to the Putative Collective members;

D. Giving the Putative Collective members the opportunity to join this collective action by filing written consents;

E. Awarding damages to Plaintiffs in the amount of their unpaid minimum wages and overtime compensation, plus an equal amount of liquidated damages;

F. Awarding damages to all Putative Collective members who join this collective action in the amount of their unpaid minimum wages and overtime compensation, plus an equal amount of liquidated damages;

G. Requiring Defendants to pay all attorneys' fees Plaintiffs and the Putative Collective members incur to bring and to maintain this collective action;

H. Requiring Defendants to pay the costs and expenses of this action;

I. Requiring Defendants to pay any applicable pre-judgment and post-judgment interest; and

J. Granting Plaintiffs and the Putative Collective members such other, further, and general relief to which they may be entitled.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated: September 28, 2022					Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN #018965)
/s/ *Melody Fowler-Green*
Melody Fowler-Green (TN #023266)
/s/ *N. Chase Teeples*
N. Chase Teeples (TN #032400)
YEZBAK LAW OFFICES PLLC
2021 Richard Jones Road, Suite 310A
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
mel@yezbaklaw.com
teeples@yezbaklaw.com

*Attorneys for Plaintiffs*